IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VICTORIA WILLIAMSON                                                                    PLAINTIFF

v.                        Civil No. 04-5217

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

The plaintiff, Victoria Williamson, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

Plaintiff was 36 years of age at the time of the administrative hearing and has a high school education with one semester of college (T. 225, 225, 84). She has past relevant work as: a warehouse order filler; cashier; insurance clerk; and, data entry clerk (T. 227-228, 79, 92-98). Plaintiff alleges a disability onset date of January 19, 2002 (T. 56, 78), due to: hypertension; fatigue/insomnia; anxiety/depression; prolonged QT-wave syndrome; syncope; headaches; and, dizziness/weakness. She filed her DIB application on January 9, 2003 and her application for SSI on March 31, 2003 (T. 56-58, 205-207).

The Social Security Administration denied plaintiff's application initially and on reconsideration. She then requested and received a hearing before an Administrative Law

Judge (hereinafter "ALJ"), which hearing was held on January 12, 2004 (T. 215-255). The ALJ rendered an unfavorable decision on March 26, 2004 (T. 14-20). By Order entered July 24, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 4-7), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. The parties have filed appeal briefs (Doc. #7 & 8), and this matter is now ready for consideration.

**Applicable Law:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date. In the next two steps, the ALJ determined that plaintiff has impairments considered "severe", in the form of prolonged QT-wave syndrome and hypertension (T. 19), but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in part B of Appendix 1, Subpart P, 20 C.F.R. Part 404 ("Listing of Impairments"). The ALJ found that the plaintiff's subjective complaints, are not entirely credible. The ALJ then determined that plaintiff has the residual functional capacity (hereinafter "RFC"), to perform a full range of light work (T. 19). Next, the ALJ found that plaintiff's past relevant work as a secretary, data entry clerk, general office clerk and cashier as previously performed and as generally performed did not require the performance of work-related activities precluded by her RFC. Finally, the ALJ found that the claimant has not been under a "disability," as defined in the Act, at any time through the date of the decision (T. 20).

AO72A
(Rev. 8/82)

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.

In order to qualify for disability benefits, "[a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings, not only by [a claimant's] statement of symptoms." *20 C.F.R. § 404.1508*. Signs are "anatomical, physiological or psychological abnormalities which can be observed apart from [a claimant's] statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques." *20 C.F.R. § 404.1528(b)*. "Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques." *20 C.F.R. § 404.1528©)*.

-3-

In evaluating the plaintiff's subjective complaints, the ALJ must consider the plaintiff's allegations of pain, but also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir.1992).* The ALJ may discredit subjective complaints inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir.1993).* The law on this issue is clear. Under *Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir.1984)* (subsequent history omitted), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995);* see also *Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992).*

In addition, it should be noted that whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

Finally, in cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994)).* Thus, in situations such as the present, this court's

AO72A
(Rev. 8/82)

role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v. Shalala*, 18 F.3d at 622. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir.1993).

As has been stated, an individual is "disabled" under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel*, 160 F.3d 464, 466 (8th Cir.1998); *Riley v. Shalala*, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987)). However, the submission of the additional evidence to the Appeals Council complicates the analysis (T. 211).

**Discussion:**

Plaintiff argues that the ALJ erred: in failing to take into account the combined effect of her impairments; in applying the Medical-Vocational Guidelines despite her nonexertional limitations; in his RFC assessment; in disregarding the opinions and findings of her treating physicians; and, in failing to fully and fairly develop the record (Doc. #7, p. 3).

Dr. Rayette Eaton-Wilmoth began treating the plaintiff as early as July 3, 2001 (T. 167-184, 196-203). In a letter dated May 4, 2004, submitted to and considered by the Appeals Council, Dr. Eaton-Wilmoth wrote:

> I last saw Ms. Williamson on 11/07/03. This is a 36 year old female with a history of hypertension. She also has a prolonged Q-T interval which required the placement of a pacemaker. It is actually a defibrillator. Without that she would have syncope. She is on medications to control her blood pressure and pulse. By our records she is on Lopressor 50 mg one half by mouth twice a day, Diovan/HCT 160/12.5, and an aspirin a day. These medications have a tendency to cause fatigue and other side effects. After the placement of her defibrillator for prolonged Q-T interval she developed anxiety temporarily. She was placed on an antidepressant for short-term but her symptoms resolved once she was able to stay at home with her family.
>
> She does seem to fatigue easily. She does have a tremor in her left arm. She does have psoriasis that worsens with stress.
>
> In review of the form for Social Security and ability to do work related activities this form asks the ability of the patient to lift and carry certain weights. I am not sure this patient can actually carry weights or not. Review through my notes reveals that when she has done any aerobic activities she continues to have a low pulse and that could be a side effect, one, to her education and two, to her prolonged Q-T interval cardiac disease and she will become symptomatic. She will become dizzy and light headed and cannot tolerate any heavy exertion. Is standing and walking affected by the impairment? Certainly she can stand for at least two hours in an eight hour work day. I am uncertain how long she could stand. Pushing or pulling I would definitely say is out of the question due to her above illness. Climbing is definitely out. Kneeling, crouching, and crawling I would say definitely out. I don't believe she has any visual limitations. Anything that would require a healthy individual to have a normal aerobic activity or increased heart rate response, Ms. Williamson more than likely won't be able to do because of her medications and/or her prolonged Q-T interval. I hope this is of benefit.

(T. 211).

In his decision, the ALJ relied, in large part, on the opinion of a non examining physician, noting:

> A Residual Functional Capacity Assessment Form provided by Dr. Alice
> Davidson, dated March 14, 2003 revealed that Dr. Davidson feels that in spite of
> the claimant's impairments, she should be able to occasionally lift and/carry
> (including upward pulling) up to 20 pounds, frequently 10 pounds. She could
> stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour
> workday, sit with normal breaks for a total of about 6 hours in an 8 hour
> workday; pushing and/or pulling including operation of the hand and/or foot
> controls is unlimited. There were no postural, manipulative, visual,
> communicative or environmental limitations (Exhibit 8F).

(T. 18). The letter from treating physician, Dr. Eaton-Wilmoth, was not before the ALJ when he rendered his decision. Nonetheless, the undersigned is obligated to consider all the evidence of record. After so doing, the court finds that the ALJ's RFC determination, and ultimately his disability decision, are not supported by substantial evidence of record, which now includes the "new evidence submitted after the determination was made." *Riley v. Shalala, 18 F.3d at 622.* Accordingly, the ALJ's decision should be reversed and this matter remanded to cure this defect.

Further, the plaintiff alleges numerous subjective complaints and nonexertional limitations, including: fatigue/insomnia (T. 234, 237, 242, 243, 244-245, 247, 163, 199, 211, 236, 246, 71, 89, 103, 172, 174); anxiety/depression (T. 236, 172, 168, 169, 237, 71, 101, 105, 163, 165, 202, 211); headaches (T. 130, 244); weakness/dizziness (T. 242, 244, 85, 176, 231, 245, 181, 211); and, syncope (T. 117, 119, 126, 129, 137, 153, 166, 181, 165, 163, 162, 195, 246, 120, 114-115, 130, 133, 139).

The plaintiff states that she has no money or insurance (T. 194). She is a single mother of three relatively young children (T. 225), and receives food stamps, child support for only one of her children, and substantial help, both housing and financial, from her parents (T. 230-231). She also alleges side effects from her prescription medication (T. 211).

AO72A
(Rev. 8/82)

The objective medical evidence contains documentation of the existence of conditions which could be expected to cause the alleged pain and other subjective allegations and nonexertional limitations, specifically: hypertension (T. 231, 232, 244, 125, 129, 137, 182, 166, 165, 163, 162, 167, 195, 197, 117, 114, 141, 172, 177, 199, 211); and, prolonged QT-wave syndrome (T. 241, 245, 119, 126, 137, 166, 165, 163, 162, 167, 195, 229, 91, 120, 117, 114-115, 129, 133, 139, 153, 172, 177, 211). See *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.199)*. The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*.

In determining the plaintiff's residual functional capacity (hereinafter "RFC"), the ALJ failed to consider the plaintiff's numerous alleged impairments in combination. Under these circumstances, the Social Security Act requires the Commissioner to consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *See 20 C.F.R. § 404.1523; Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir.2000); Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir.1991)*. In the present case, the ALJ was obligated to consider the combined effects of plaintiff's numerous physical impairments, as well as her asserted mental impairment. *See id.* Thus, upon remand, the Commissioner is directed to do so.

**Conclusion:**

Accordingly, the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for consideration of the combined effect of plaintiff's alleged impairments, and

AO72A
(Rev. 8/82)

reconsideration of her residual functional capacity, based upon all the evidence of record.

ENTERED this 30th day of September, 2005.

          /s/ Bobby E. Shepherd
         HONORABLE BOBBY E. SHEPHERD
         UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)