IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VICTORIA L. WILLIAMSON                PLAINTIFF

        v.          Civil No. 04-5217

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                 DEFENDANT

## MEMORANDUM OPINION

  Plaintiff, Victoria L. Williamson, appealed to this Court from the denial of her application for social security disability benefits, by the Commissioner of the Social Security Administration (hereinafter "Commissioner")(Doc. #1). On September 30, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #10 & 11).

  Plaintiff's attorney, Evelyn E. Brooks, filed a Motion For Attorney's Fees pursuant to the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA"*), on December 19, 2005 (Doc. #12 & 13). On January 5, 2006, the Commissioner filed her Response (Doc. #14). This matter is now ready for consideration.

  *28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

  Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA*, the number of hours for which

compensation is sought, or the hourly rate requested (Doc. #14). The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984).*

AO72A
(Rev. 8/82)

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood, 487 U.S. 552, 573 (1988)*. The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A)*. The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B)*. Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Plaintiff's attorney requests an award under the *EAJA* at $144.00 per hour, for the 30.06 hours which she asserts she devoted to the representation of plaintiff in this Court. Counsel also seeks reimbursement for expenses in the amount of $23.02. Plaintiff's counsel seeks $144.00 per hour based upon an increase in the cost of living (Doc. #12, Exhibits 1, 2, 3, 4, 5; Doc. #13).

-3-

The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart, 461 U.S. at 437.*

*28 U.S.C.A. § 2412(d)(2)(A)* provides:

"fees and other expenses" includes....reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that....(ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's counsel attached a summary of the September 2005 Consumer Price Index as an attachment to her Motion for Attorney's Fees (Doc. #12, Exhibit 4), and thus, has presented sufficient evidence of an increase in the cost of living. Therefore, her argument for increased attorney fees, based on a cost of living increase, has merit.

We further conclude that awarding an enhanced fee in the amount of $144.00 per hour would not only allow a cost of living increase, but would also promote consistency in the *EAJA* awards in the judicial districts of Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, upon consideration of the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $144.00 per hour.

Further, as has been noted, the defendant does not object to the number of hours for which counsel seeks a fee award (Doc. #14). Nonetheless, as always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #12, Exhibit 3).

Counsels seeks compensation for: 0.25 hours on July 28 (received and reviewed Appeals Council decision); 0.25 hours on August 1, 2004 (Letter to Victoria Williamson informing her of Federal District Court option and requesting appointment); 0.50 hours on

AO72A
(Rev. 8/82)

August 10, 2004 (phone conference with Victoria Williamson discussing her impairments in preparation for preparing petition); 0.75 hours on August 10, 2004 (Office conference with Plaintiff to discuss filing fee or Application to Proceed without Payment and completion of paperwork); and, 1.50 hours on August 20, 2004 (research and review of file in preparation of drafting petition) (Doc. #12, Exhibit 4, p. 1). However, plaintiff's district court case was not filed until August 30, 2004 (Doc. #1). Plaintiff's counsel did not begin work on preparation of the complaint until August 22, 2004 (Doc. #12, Exhibit 4, p. 1). Thus, we find that counsel is not entitled to compensation for this time, as it was not performed in representation of the plaintiff in the district court. See *Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984);* see also, *Shalala v. Schaefer, 509 U.S. 292 (1993); Sullivan v. Hudson, 490 U.S. 877 (1989)* (An attorney is entitled to *EAJA* fees for services rendered at the district court level). Accordingly, the 3.25 hours, alleged for services not performed before the District Court, must be deducted from the total compensable time sought by counsel.

Counsel also seeks compensation for: 0.25 hours on August 31, 2004 (draft cover letters for service of petition, of summons and civil cover sheet, and completion of consent to U.S. Magistrate [Judge Jurisdiction]), from which we deduct 0.15 hours; 0.25 hours on September 23, 2004 (draft of affidavit of service), from which we deduct 0.25 hours; 0.06 hours on September 28, 2004 (received and reviewed order of reference), from which we deduct 0.06 hours; 0.50 hours on September 28, 2004 (letter to plaintiff explaining status of case and explaining upcoming brief), from which we deduct 0.40 hours; 0.75 hours on November 20 (letter to Plaintiff containing explanation of issues addressed in brief), from which we deduct 0.50 hours; 0.50 hours on March 9, 2005 (letter to Plaintiff with answers to questions

-5-

concerning possible submission of new evidence), from which we deduct 0.40 hours (Doc. #12, Exhibit 4, pp. 1-3). This time cannot be compensated, in full, under the *EAJA*. *Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987)* (work which could have been completed by support staff is not compensable under the EAJA). We therefore deduct an additional 2.01 hours from the compensable time sought.

Further, plaintiff seeks compensation for: 0.25 hours on August 31, 2004 (received and reviewed Order allowing leave to proceed in forma pauperis and additional paperwork), from which we deduct 0.15 hours; 1.00 hour on October 26, 2004 (received and reviewed briefing schedule, answer of Defendant and transcript), from which we deduct 0.50 hours; 5.50 hours on November 16, 2004 (review transcript, take notes, prepare outline for brief, chronologically order and tag medical records), from which we deduct 3.50 hours; 6.00 hours on November 17, 2004 (preparation of jurisdictional statement, statement of issues, fact statement and medical history), from which we deduct 4.00 hours; and 5.50 hours on November 19, 2005 (preparation of ALJ analysis and arguments), from which we deduct 2.00 hours (Doc. #12, Exhibit 4, pp. 1-3). The itemized tasks and related documents are largely routine. The compensable time sought for the accomplishment of these tasks is excessive. Therefore, we find that an additional 10.15 hours should be deducted. Total deductions from compensable time sought equal 15.46 hours. Thus, we find that plaintiff's counsel is entitled to compensation for 14.60 hours spent in the representation of this plaintiff before the district court.

Accordingly, we find that counsel is entitled to compensation for 14.60 hours at the rate of $144.00 per hour, which totals $2,102.40, and for reimbursement of postage expenses in the amount of $23.02, for a total attorney's fee award of $2,125.42 under the *EAJA*.

AO72A
(Rev. 8/82)

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 10th day of May, 2006.

                                                 /s/Bobby E. Shepherd
                                                 Honorable Bobby E. Shepherd
                                                 United States Magistrate Judge

**AO72A**
**(Rev. 8/82)**